# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9871 | **DATE** | 9/20/2002 |
| **CASE TITLE** | Heidi Newman vs. Hansen & Hempel Company, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and recommendation recommending that plaintiff's Title VII claims not be dismissed is hereby entered of record. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 3 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 9/20/2002 date mailed notice | |
| | IS | courtroom deputy's initials | 90 ... | IS mailing deputy initials |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HEIDI NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 9871 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| HANSEN & HEMPEL COMPANY, | ) | Magistrate Judge |
| HAROLD KOCHAN, PAUL GHIOTTO, | ) | Martin C. Ashman |
| ART GHIOTTO and RICH WENSERITH, | ) | |
| individually, and, as agents of Hansen & Hempel, | ) | DOCKETED |
| | ) | SEP 2 3 2002 |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before this Court to determine whether Plaintiff filed her Title VII claims within 90 days of receiving her "Right-to-Sue" letter from the United States Equal Employment Opportunity Commission (EEOC). The issue was raised *sua sponte* by Judge Marvin E. Aspen. For the following reasons, the Court finds that the Title VII claims were timely filed pursuant to 42 U.S.C. § 2000e-5(f)(1).

## I. Background

The pertinent facts are not disputed by the parties.[1] Plaintiff Heidi Newman was formerly employed by Defendant Hansen & Hempel Company. On December 26, 2001, she filed suit against the Company for claims under Title VII of the Civil Rights Act of 1964 (Counts I and II)

---

[1] When given the opportunity to present evidence at a hearing on June 26, 2002, the parties could not articulate any disputed areas of fact. The parties subsequently filed an Agreed Statement of Evidence, deposition transcripts, affidavits, and briefs.



and against the Company and various employees for several common law tort claims (Counts III, IV, and V).

Prior to filing this action, Plaintiff filed charges with the EEOC for sex discrimination and retaliation. The EEOC dismissed her charges, and sent a right-to-sue letter dated September 5, 2001, to Plaintiff's attorney, Maureen Murphy, via certified mail. The EEOC sent a copy of the letter to Plaintiff, but she never received the letter, purportedly because Plaintiff's estranged husband was intercepting some of the mail sent to their home. On Friday, September 7, 2001, the Wheaton Post Office placed a notice in Ms. Murphy's post office box informing her that the certified letter had arrived and would be held at the front counter for her to pick up. On September 13th, the Post Office placed a second notice in Ms. Murphy's box. Pursuant to Post Office policy, the letter was scheduled to be sent back to the EEOC on September 23rd. Because this day was a Sunday, it was likely that the postal workers would send it back on the next work day if Ms. Murphy did not collect it.

Meanwhile, at the time the Post Office was attempting to contact her, Ms. Murphy was on a two-week vacation that turned into an extended trip as she was unable to return home on the date she had previously planned due to the terrorist events of September 11, 2001. On September 23, 2001, Ms. Murphy finally was able to pick up her mail from her post office box. She returned to the Wheaton Post Office the next day, September 24, 2001, during the Post Office's normal business hours, to pick up the certified letter from the EEOC. Within two weeks of collecting the right-to-sue letter, Ms. Murphy telephoned her client to inform her that the letter had arrived. Plaintiff filed her complaint on December 26, 2001.

## II. Discussion

When the EEOC dismisses a charge of discrimination, an action may be brought against the employer within 90 days of receipt of such notice. 42 U.S.C. § 2000e-5(f)(1). If the claimant is represented by an attorney, the ninety-day period begins upon actual receipt of the letter by the attorney. *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1313-14 (7th Cir. 1984). This filing requirement acts as a statute of limitations and it is subject to equitable tolling and other excusable delays. *Simon v. City of Naperville*, 71 F. Supp. 2d 882, 883 (N.D. Ill. 1999). If a delay is not excused, the claim must be dismissed even if the deadline is missed by only one or two days. *Id.*

In this case, Plaintiff is correct that 90 days from when Ms. Murphy picked up the certified letter from the Post Office counter fell on a weekend, specifically, December 23, 2001. The next day was December 24, 2001. By General Order of the Chief Judge dated November 14, 2001, the United States District Court for the Northern District of Illinois was closed on December 24, 2001, although this day was not a previously-set court holiday. Under this Order, all matters pending on December 24 were deferred until Wednesday, December 26, 2001.[2]

Defendant argues that Ms. Murphy's seventeen-day delay in picking up the certified letter between the time the notice was first placed in her box and the time she actually picked up the letter at the Post Office counter was unreasonable. This Court does not need to reach the question of whether Ms. Murphy should have arranged for someone to pick up her certified mail while she

---

[2] Plaintiff failed to present any evidence regarding the closure of the court on December 24, 2001, nor did she bring the General Order dated November 14, 2001 to this Court's attention.

was out of town, because the Seventh Circuit has already spoken on the issue[3] of when the statute of limitations begins to run in a similar situation:

> [W]hen the EEOC sends a right-to-sue letter by certified mail, the 90-day limitations period presumptively begins to run on the day the plaintiff actually received the letter, *so long as she picks it up within the time that the Post Office's notice gives her before it will be returned to the sender*. Because the time that the Post Office gives an addressee to pick up a certified letter before it is returned to the sender is generally relatively short, we cannot think of what exceptional circumstances might occur that could overcome this presumption.

*Houston v. Sidley & Austin*, 185 F.3d 837, 839-40 (7th Cir. 1999) (emphasis added). Defendant has not shown "exceptional circumstances" that would overcome this presumption. Ms. Murphy's vacation is distinguishable from cases in which the plaintiff was clearly at fault for not receiving the letter sooner. *C.f. Bobbitt v. Freeman Cos.*, 268 F.3d 535, 539 (7th Cir. 2001) (affirming dismissal of plaintiff's Title VII claims as untimely where plaintiff could not explain why she did not check her mail for six weeks); *St. Louis v. Alverno College*, 744 F.2d 1314, 1317 (7th Cir. 1984) (affirming dismissal of plaintiff's claims as untimely where plaintiff failed to inform EEOC of his new address). Ms. Murphy collected the right-to-sue letter from the Post Office before it was returned to the EEOC. The complaint was filed within 90 days (plus holidays and weekends) of the actual receipt of the right-to-sue-letter.

---

[3] Surprisingly, neither party discussed this case.

### III. Conclusion

The Court concludes that Plaintiff's Title VII claims were timely filed. For the foregoing reasons, the Court recommends that Plaintiff's Title VII claims not be dismissed.

*[signature]*
MARTIN C. ASHMAN
United States Magistrate Judge

**Dated:** September 20, 2002.

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Marvin E. Aspen within ten (10) days after service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

| | |
|---|---|
| MAUREEN T. MURPHY, Esq.<br>Law Offices of Maureen T. Murphy<br>P.O. Box 281<br>Wheaton, IL 60189-0281 | STEVEN M. HARTMANN, Esq.<br>HELEN N. BAKER, Esq.<br>TERESA L. WITTMER, Esq.<br>Freeborn & Peters<br>311 South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606 |
| Attorney for Plaintiff | Attorneys for Defendants |